UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kimberly McCue, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Bureau of Collection Recovery, Inc.; and DOES 1-10, inclusive, | COMPLAINT |
| Defendants. | January 20, 2011 |

For this Complaint, the Plaintiff, Kimberly McCue, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Kimberly McCue ("Plaintiff"), is an adult individual residing in Norwalk, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Bureau of Collection Recovery, Inc. ("Bureau"), is a Minnesota business entity with an address of 7575 Corporate Way, Eden Prairie, Minnesota 55344, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Bureau and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Bureau at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8.     The Plaintiff incurred a financial obligation (the "Debt") to Verizon, Inc. (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Bureau for collection, or Bureau was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. Bureau Engages in Harassment and Abusive Tactics

12.    On January 12, 2010, the Defendant called the Plaintiff concerning the Verizon account.

13.    When the Defendant called, it failed to identify itself as a debt collector and inform Ms. McCue that the communication was an attempt to collect a debt.

14.    The Defendant did not disclose that the call was being recorded until the Plaintiff asked "are you recording" to which the Defendant's employee responded "yes."

15.    The Defendant's employee also threatened to ruin the Plaintiff's credit rating.

C. Plaintiff Suffered Actual Damages

16.    The Plaintiff has suffered actual damages as a result of the Defendants' unlawful conduct.

17.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.    The Defendants' conduct violated 15 U.S.C. § 1692d in that the

3

Defendants engaged in conduct the natural consequence of which was to harass and abuse the Plaintiff.

20.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

21.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

22.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

### Conn. Gen. Stat. §§ 42-110a, 53a-187, 189.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

26.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

27.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 53a-187, 189.

28.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

    TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 20, 2011

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorney for Plaintiff